## 15666.  ATLANTIC COAST LINE RAILROAD COMPANY v. PETERS.

Section 5202 of the Civil Code (1910), which provides for a new trial "if the justice . . before whom the case was tried die before answering the writ of certiorari served," is not applicable to the facts of this case.

It appearing that by inadvertence the word "denied," instead of the word "dismissed,". was used by the judge in his order disposing of the certiorari, it is directed that the order be corrected by substituting the word "dismissed" for the word "denied," so as to conform to section 5201 of the Civil Code (1910).

It not appearing that the writ of error was sued out for delay only, the motion for damages is denied.

DECIDED OCTOBER 9, 1924.

Certiorari; from Seminole superior court—Judge Yeomans. February 25, 1924.

*Rich & Rawls, Pope & Bennet,* for plaintiff in error.

*R. H. House,* contra.

LUKE, J.  Plaintiff in error sued out its certiorari to review the adverse judgment rendered by a justice of the peace.  At the October term, 1921, of the superior court an order was granted requiring the justice to amplify his answer.  When the case was called in its order at the February term, 1922, the court ordered that the justice "make answer to said certiorari in terms of the law in such cases made and provided," the order specifying fully what the justice's answer should contain.  It does not appear that the justice was served with either of these orders.  When the case was called for trial at the February term, 1924, the certiorari papers had not been returned, the justice had not made any fuller answer as required by the order of 1922, he had died on April 25, 1923, and several terms of the superior court were held between the granting of the last order and his death.  The judgment of the superior court was that the certiorari be "denied."  The plaintiff in certiorari excepted, on the grounds: (1) Under section 5202 of the Civil Code (1910), the court should have ordered a new trial for the reason that the justice of the peace died before answering the certiorari. (2) The judgment was erroneous because it "denied" the certiorari, whereas it should have "dismissed" it.

1.  Section 5202 of the Civil Code is not applicable to the facts here presented, since it applies in terms to a case where the justice

of the peace died "before answering the writ of certiorari;" and the court committed no error in failing to order a new trial of the case.

2. The court below is directed to correct its order of February 25, 1924, so as to conform to the requirements of the Civil Code (1910), § 5201, by substituting therein the word "dismissed" for the word "denied;" this in keeping with the judge's note attached to his certificate, stating that by inadvertence, the word "denied" was written for the word "dismissed."

3. It does not appear from the record in this case that the writ of error was sued out for delay only, and the motion for damages under section 6213 of the Civil Code (1910) is denied.

*Judgment affirmed, with direction. Broyles, C. J., and Bloodworth, J., concur.*